## STATE COURT OF APPEALS—Continued

No. 797
### DAYTON v. SCHMIDT
Ohio Appeals, 2d Dist, Montgomery County
No. 586. Decided Sept. 18, 1924

905. PEDDLERS—Showing violation of ordinance prerequisite to conviction for peddling.

BY THE COURT.          Epitomized Opinion
Published Only in Ohio Law Abstract

Schmidt was convicted in Dayton Municipal Court with having unlawfully, as a peddler and huckster, sold and offered for sale on the public streets of Dayton certain goods and merchandise, namely, ice, without having obtained and paid for a license. The affidavit further charged that the ice was not manufactured by Schmidt, and was not a product of his own raising, and that he did not have a license issued by the state to peddle or auction goods.

The conviction was reversed by the Common Pleas. In sustaining the Common Pleas, the Court of Appeals held:

1. Before the city could secure a lawful conviction of the accused it was incumbent upon it to establish that he sold or offered for sale upon the public highways or grounds of the city the ice, and that the sale was made as a peddler. As the evidence did not show this to be the case, the conviction was unwarranted.

Attorneys—John B. Harsham, Walter V. Snyder, Guy H. Wells and Max G. Dice, for City of Dayton; W. L. Connors, for Schmidt.

---

No. 798
### BRETT v. RICHEY et al
Ohio Appeals, 8th Dist., Cuyahoga County
No. 5239. Decided Oct. 6, 1924

1002—RECEIVERSHIP — Party procuring appointment is liable for deficit through operation of business by receiver.

LEVINE, J.          Epitomized Opinion
Published Only in Ohio Law Abstract

An application was filed by Brett as the receiver of the Euclid-East 102d Theater Co. to assess the deficit of $9,243.69 incurred by him while operating a moving picture theater of the company, under an order of the court. The Common Pleas denied the application. The sole question for the consideration of the Court of Appeals was: "Shall the operating deficit be charged to the party at whose instance and for whose benefit the receiver was appointed, or must the creditors suffer the loss?"

In reversing the judgment, the Court of Appeals held:

Where the funds in receiver's hands are not sufficient, the rule is that the party at whose instance the receiver was appointed must be required to provide the means of payment.

Vickery, J., dissents.

No. 799
### PENNA OHIO ELEC. R. CO. v. FIORDILLISO
Ohio Appeals, 7th Dist., Mahoning County
Decided Oct. 17, 1924

1115. STREET RAILWAYS—Driver of truck turning suddenly upon street car track and but a short distance in front of approaching car contributes to collision whether warning given or not.

ROBERTS, J.          Epitomized Opinion
Published Only in Ohio Law Abstract

Fiordilliso brought an action for personal injuries as a result of a collision between the truck which he was driving and the street car. The plaintiff was driving along the street near the street car track when he turned to the left direct on the car track and was struck by a street car from the rear. The plaintiff contended that the street car gave him no warning and that the motorman did not have the car under control. Several witnesses testified for the street car company to the effect that a warning was given, and also that the plaintiff turned directly in front of the car.

One of the plaintiff's own witnesses testified that the street car was not over 15 feet away when the plaintiff turned upon the track. The medical evidence was in conflict, but the jury returned a verdict for the plaintiff in the sum of $8,000. The defendant prosecuted error. In reversing the judgment, the Court of Appeals held:

The verdict of the jury was against the manifest weight of the evidence in not finding the plaintiff guilty of contributory negligence.

Attorneys—Harrington, DeFord, Huxley & Smith, for Penna Ohio Electric Railway Co.; Kennedy, Manchester, Conroy & Ford, for Fiordilliso.